IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LISA BIRGE, | ) | |
| | ) | Case No. 8:07-cv-00369-JFB-TDT |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | DEFENDANT, PORTFOLIO |
| ASSOCIATES, L.L.C., | ) | RECOVERY ASSOCIATES, LLC's |
| | ) | ANSWER TO COMPLAINT AND |
| Defendant. | ) | AFFIRMATIVE DEFENSES |
| | ) | |

NOW COMES defendant, Portfolio Recovery Associates, L.L.C., ("PRA"), by and through undersigned counsel, and for its Answer to plaintiff's Complaint states as follows:

In response to the introductory paragraph, PRA admits that plaintiff purports to bring a cause of action under the Fair Debt Collection Practices (FDCPA), 15 U.S.C. § 1692 *et seq.*, but denies any liability, violations, or wrongdoing to the extent alleged.

### JURISDICTION AND PARTIES

1. PRA admits the allegations in ¶ 1 for jurisdictional purposes only.

2. PRA admits the allegations in ¶ 2 for venue purposes only.

3. PRA denies the allegations in ¶ 3 for lack of sufficient information to justify a belief therein.

4. PRA admits that it is a Virginia business entity that regularly engages in the collection of debt nationwide. Except as specifically admitted, PRA denies the allegations in ¶ 4.

**FACTUAL BACKGROUND**

5.   PRA admits that it was attempting to collect a debt that plaintiff originally owed to Sears National Bank.  Except as specifically admitted, PRA denies the allegations in ¶ 5.

6.   PRA denies receipt of the letter to the extent suggested or alleged in ¶ 6.  PRA denies the remaining allegations in ¶ 6 for lack of sufficient information to justify a belief therein.

7.   PRA admits that its records reflect that telephone calls were placed to plaintiff.  PRA further admits that plaintiff provided the PRA representative with the name and telephone number of her attorney, but alleges Plaintiff requested that PRA not contact the attorney.  Except as specifically admitted, PRA denies the allegations in ¶ 7.

8.   PRA admits that its records reflect that a letter dated August 27, 2007 was sent to plaintiff and that plaintiff purports to attach a copy of the letter as Exhibit B.  Except as specifically admitted, PRA denies the allegations in ¶ 8.

9.   PRA denies the allegations in ¶ 9.

**CAUSE OF ACTION**

**FAIR DEBT COLLECTION PRACTICES ACT**

10.   PRA denies the allegations in ¶ 10 for lack of sufficient information to justify a belief therein.

11.   PRA admits that its principal place of business is in Virginia and that it regularly engages in the collection of debt.  PRA further admits when it acts as a debt collector as defined by 15 U.S.C. § 1692(a)(6), its actions may be subject to regulation pursuant to the FDCPA.  Except as specifically admitted, PRA denies the allegations in ¶ 11.

12. PRA admits that it attempted to collect a defaulted debt in plaintiff's name.  Except as specifically admitted, PRA denies the allegations in ¶ 12 for lack of sufficient information to justify a belief therein.

13. PRA denies the allegations in ¶ 13.

## PRAYER FOR RELIEF

14. PRA denies that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

AND NOW, in further Answer to plaintiff's Complaint, PRA avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more counts/claims of the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Pursuant to 15 U.S.C. § 1692k, to the extent that a violation(s) is established, any such violation(s) was not intentional and resulted from a *bona fide* error notwithstanding maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Assuming that plaintiff suffered any damages, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of PRA, or for whom PRA is not responsible or liable.

WHEREFORE, based on the foregoing, defendant, PRA, respectfully requests that this Answer be deemed good and sufficient; plaintiff's lawsuit be dismissed, with prejudice, at plaintiff's cost; that pursuant to federal and state law, plaintiff be ordered to pay the reasonable attorney's fees and costs for PRA, as prevailing party under federal law, and for all other general and equitable relief.

Respectfully submitted,

s/ Robert L. Bals
Robert Bals, Esq. -- 15623
Harding, Shultz & Downs
800 Lincoln Square
121 South 13th Street
P.O. Box 82028
Lincoln, Nebraska 68501
Telephone: (402) 434-3000
Facsimile: (402) 434-3030

*And*

David Israel (#7174)
disrael@sessions-law.biz
Allison L. Cannizaro (#29951)
acannizaro@sessions-law.biz
SESSIONS, FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd., Suite 1240
Metairie, LA 70002
Telephone: (504) 828-3700
Facsimile:  (504) 828-3737

Attorneys for Defendant,
Portfolio Recovery Associates, LLC

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Pamela A. Car, Esq.
Car & Reinbrecht, P.C., L.L.O.
8720 Frederick St., #105
Omaha, NE 68124
carlaw@uswest.net

s/ Robert L. Bals
Attorney for Defendant

3\7996\842\PRA Answer.doc