IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LISA BIRGE, | ) |
|     PLAINTIFF, | ) CASE NO. 8:07cv369 |
| VS. | ) **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR FOR LEAVE TO FILE AMENDED COMPLAINT** |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | ) |
|     DEFENDANT, | ) |

### I.    INTRODUCTION

Plaintiff presents this memorandum in support of her Motion for Leave to file her Amended Complaint herein (filing no. 13). Plaintiff seeks to add an additional allegation and violation of the Fair debt Collection Practices Act which arose subsequent to the filing of the original Complaint herein.

The parties are in the early stages of this case and no planning report has been prepared no progression order has been issued and discovery has yet been conducted. Therefore, defendant will not be prejudiced by allowing this First Amended Complaint.

### II.    LEGAL ARGUMENT

Fed. R. Civ. P.15(a) provides in part that after an answer has been filed, "a party may amend a party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P.15(a). A denial of a motion for leave to amend a pleading is appropriate when the court finds compelling reasons for the denial, "such as undue delay, bad faith, or dilatory motive,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving part, or futility of the amendment." *Hammer v. City of Usage Beach, Mo.*, 318 F.3d 832, 844 (8th Cir. 2003). Mere delay alone is not a reason for the court to deny leave to file a supplemental pleading. *Mercantile Trust Co. Nat'l Ass'n v. Inland Marine Prods. Corp.,* 542 F.2d 1010, 1012. Some "prejudice" must be found which would result to others if leave were to be granted. *Mercantile Trust Co.,* 542 F.2d at 1012, (8th Cir. 1976), citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330-31 (1971).

Whether to grant a motion for leave to amend is within the sound discretion of the trial court. *Williams v. Little Rock Mn. Water Works,* 21 F.3d 218, 224 (8th Cir. 1994); *Brown v. Wallace,* 957 F.2d 564, 565 (8th Cir. 1992). Factors considered include "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the moving party, or futility of the amendment." *City of Osage Beach, Mo.,* 318 F.3d at 844. To deny amendment, the court must find some prejudice which would result to the nonmoving party if the amendment were granted. *Inland Marines Prods. Corp.*, 542 F.2d.at 1012.

An examination of each of the elements demonstrates that Plaintiff meets her burden and the Plaintiff's proposed amendments should be allowed.

**1. TIMELINESS**

No Order setting the deadline for progression in this case has been issued. No deadline to amend has yet been set. Thus, Plaintiff's motion is timely. Therefore, Plaintiff has met her burden for timeliness.

 2.  **PREJUDICE**

"Prejudice" is generally found in situations where the motion to amend comes on the eve of trial after years of pretrial work, the amendment would cause undue delay in the final disposition of the case, the amendment raises new and separate claims, or entails more than an alternative claim or a change in the allegations of the Complaint, or the proposed amendment requires time consuming new discovery. *Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.,* 68 F.R.D. 383, 385 (N.D. Ill. 1975). (citations omitted). "Where an amendment would likely result in the burdens of additional discovery and delay to the proceedings, a court usually does not abuse its discretion in denying leave to amend." *Popp Telcom v. Am. Sharecom, Inc.,* 210 F.3d 928, 934 (8th Cir. 2000); citing *Thomspon–El v. Jones*, 876 F.2d 66, 68 (8th Cir.1989). (upholding lower court's denial of motion to amend due to additional discovery and delay.)

Plaintiff's proposed amendment simply raises additional violations of the FDCPA which were determined after the filing of the original complaint and are based on the same transactions set of circumstances previously alleged in this case. Plaintiff's proposed amendment would not cause any prejudice to the defendant for the following reasons:

a) No deadlines have been set which would need to be altered; and

b) The same plaintiff and original defendant are involved.

### 3. FUTILITY

Plaintiff's amendment is clearly not futile because she is simply adding an additional violation of the FDCPA.

For these reasons, the plaintiffs has met her burden in establishing that no prejudice would result to the defendants if plaintiff's proposed amendments are allowed.

### CONCLUSION

Plaintiffs' proposed amendment simply add an additional violation of the FDCPA. The Motion for Leave to Amend is timely. The plaintiff's First Amended Complaint will not require any delay and no discovery will be compromised because it has not yet begun. Therefore, Plaintiff's motion for leave to amend and file her First Amended Complaint should be granted.

Dated November 1, 2007

                    LISA BIRGE, PLAINTIFF,

          by: s/ Pamela A. Car
              Pamela A. Car, # 18770
              William L. Reinbrecht, #20138
              Car & Reinbrecht, P.C., L.L.O.
              8720 Frederick St. # 105
              Omaha, NE 68124
              (402) 391-8484 phone
              ( 402) 391-1103 fax
              carlaw@uswest.net   e-mail
              ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2007, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

Robert L. Bals
Harding, Shultz & Downs
800 Lincoln Square
121 13th St.
P.O. Box 82028
Lincoln, NE   68501
And
David Isreal
Allison L. Cannizaro
SESSIONS FISHMAN & NATHAN, L.L.P.
3850 N. Causeway Blvd.,  Suite 1240
Metairie, LA 70002


     And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.


      /s/ Pamela A. Car
Pamela A. Car, #18770
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, #105
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
E-mail: pacwlr@qwest.net